IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                  No. 07-40115-01-SAC

RICHARD WILBUR RUSTON,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's three unresolved objections to the presentence report ("PSR") as appearing in the PSR addendum. The sole defendant named in a three-count indictment, the defendant pleaded guilty to count two --possession with intent to distribute marijuana and count three--felon in possession of a firearm. The PSR recommends a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5) (corresponding to 874 kilograms of marijuana after converting the methamphetamine and totaling it with the marijuana), a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § U.S.S.G. § 2D1.1(b)(1)), and a three-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1(a)). With a total offense level of 29 and a

criminal history category of five, the guideline range is 140 to 175 months. The defendant's three unresolved objections address criminal history calculations and one factual statement concerning the defendant's relationship with Ray Drake.

**OBJECTION NO. 1**: Citing U.S.S.G. § 4A1.2(e)(3), the defendant objects to the two criminal history points scored for his prior sentence of imprisonment of ninety days for driving while suspended. The defendant does not challenge the PSR's stated date of sentencing of August 26, 1996, on this prior sentence, but the defendant does argue more than ten years passed before the defendant commenced the instant offense on March 18, 2007.

    **Ruling**: Because the defendant's objection does not challenge any specific statements of fact appearing in the PSR, the court interprets the objection as confined to the manner of applying U.S.S.G. § 4A1.2(e)(2) to the uncontested facts. Section 4A1.2(e)(2) provides that a court is to count any prior sentence shorter than one year and one month that is "imposed within ten years of the defendant's commencement of the instant offense." Application Note 8 to U.S.S.G. § 4A1.2 explains that "[a]s used in § 4A1.2(d)(2) and (e), the term 'commencement of the instant offense'

includes any relevant conduct.  See § 1B1.3 (Relevant Conduct)."

As stated at ¶ 11 of the PSR, Ray Drake told officers on February 16, 2007, that he "was a close associate and friend of the defendant" and "that he and defendant had been purchasing ounces of methamphetamine from individuals in Wichita, Kansas, and reselling the drug in Beloit, Kansas."  At ¶ 15, it's reported that in June of 2008, Drake spoke again with officers providing more details about his relationship with the defendant.  Drake said "he met the defendant approximately two years ago, and the two became partners in the business of buying and selling methamphetamine and marijuana."  While this statement does establish when Drake and the defendant met, it does not establish when they began trafficking drugs together or when the defendant himself began trafficking drugs.  Because the PSR provides no other relevant conduct occurring prior to August 26, 2006, the court sustains the defendant's objection.

**OBJECTION NO. 2**:  In light of his first objection, the defendant asks the court to reduce his criminal history score to 9 and reduce his criminal history category from five to four.

**Ruling**:  Having sustained the defendant's first objection, the court also grants the defendant's second objection.  The resulting guideline

range is now 121 to 151 months.

**OBJECTION NO. 3**:  The defendant objects to the characterization in ¶ 15 that he and Drake were partners in the distribution of methamphetamine.  The defendant points out that Drake also told officers that he and the defendant never sold together, had different customers, and only shared a common source of supply.

**Ruling**:  Out of concern for completeness, the PSR writer has modified ¶ 15 to include that Drake and the defendant had separate customers.  The court finds it unnecessary to rule on whether Drake and the defendant were actually "partners."  The defendant has lodged no objection to any findings on relevant conduct related to drug quantities, and the meaning and use of "partner" in ¶ 15 does not impact any of those findings and will not affect sentencing here.

IT IS THEREFORE ORDERED that the defendant's first two objections to the PSR are granted, and no ruling on the third objection is necessary.

Dated this 16th day of October, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge